**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAUSE OF ACTION, INC.** <br>(formerly Freedom Through Justice Foundation) <br>2100 M Street N.W. <br>Suite #170-247 <br>Washington, DC 20037-1233 <br><br>    Plaintiff, <br><br>    v. <br><br>**NATIONAL ARCHIVES AND RECORDS ADMINISTRATION** <br>700 Pennsylvania Ave, NW <br>Washington, D.C. 20408 <br><br>    Defendant | **Case No.** _____ <br><br>**Judge:** _____ |

## COMPLAINT

Plaintiff Cause of Action, formerly Freedom Through Justice Foundation ("Plaintiff") hereby files this complaint for compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"). As grounds therefore, Plaintiff respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.* and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

2. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C) and 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff Cause of Action (formerly known as "Freedom Through Justice Foundation") ("CoA"), whose principal place of business is 2100 M Street N.W., Suite 170-247,

Washington, D.C. 20037, is a non-partisan, non-profit organization that uses public advocacy and legal reform strategies to ensure greater transparency in government and protect taxpayer interests and economic freedom. Plaintiff, who requested certain documents under FOIA, intends to disseminate the requested documents to its supporters and benefactors, government officials, appropriate news media, and to the American public at large. The documents Plaintiff seeks are likely to contribute significantly to the public's understanding of the operations and activities of the Financial Crisis Inquiry Commission ("FCIC") and National Archives and Records Administration ("NARA"). Plaintiff is empowered to undertake educational and other programs to promote and protect the public interest in connection with this and other matters.

4. Defendant, National Archives and Records Administration ("NARA"), is a 5 U.S.C. § 552(f)(1) "agency" and an instrumentality of the United States. NARA has possession, custody, and control of the records that are the subject of this Complaint, but has illegally denied CoA access to same.

## FACTS

5. Section 5 of the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. Law No. 111-21, § 5, 123 Stat. 1617, 1625-31 (2009) created the Financial Crisis Inquiry Commission ("FCIC") to report to Congress and the President its findings and conclusions on the causes of the U.S. financial and economic crisis.

6. FCIC was directed to advise the Attorney General of the United States of any person that may have violated federal law in connection with the financial crisis.

7. FERA did not exempt FCIC, or other agencies in possession or control of FCIC records, from compliance with the Freedom of Information Act, 5 U.SC. § 552 *et seq*. ("FOIA").

8. As authorized by 5 U.S.C. App. II § 4(b) of the Federal Advisory Committee Act (FACA), Section 5(g) of the FERA specifically exempts the FCIC from the disclosure requirements that the FACA—which only applies to bodies that, *inter alia*, advise the Executive branch per 5 U.S.C. App. II § 3(2)—would otherwise impose.

9. Section 5(b)(2)(B) of the FERA explicitly prohibited members of Congress and their employees from serving as members of the FCIC.

10. No members of Congress or their employees served on the FCIC.

11. FCIC's investigation included nineteen (19) days of public hearings and more than seven hundred (700) witness interviews.

12. On or around February 13, 2011, without any express Congressional authorization, the FCIC, on its own initiative, selectively released records including, e-mails, audio recordings and transcripts of interviews, and reports and fact sheets developed by FCIC staff— to Stanford Law School ostensibly for public distribution.

13. Although Section 5(h) of the FERA provided that the FCIC's report on the financial crisis was due on December 10, 2010, the FCIC did not deliver its statutorily mandated report to the President, Congress, and the public at large until January 27, 2011.

14. Pursuant to FERA, the FCIC terminated on February 13, 2011, without a successor in function.

15. On February 10, 2011, Phil Angelides, FCIC Chairman, sent a letter to Archivist of the United States, David Ferriero ("Letter"), stating his position that, with the sole exception of FCIC records that the Commission had previously selected to release to the public on its own initiative, NARA should impose a five-year categorical bar on public access to FCIC records, claiming that FCIC records are not subject to FOIA. (Exhibit 1).

16. Chairman Angelides's letter regarding the release of FCIC records did not reflect the views of one or more of the Commissioners on the FCIC; for example, Commissioner Peter Wallison believed that the public should have access to all FCIC documents except those records provided to the FCIC on condition of confidentiality. Wallison was not even aware of this Letter, which expresses a position materially inconsistent with his own views.

17. FCIC did not have either a legal obligation to transfer, or a regular, established practice of transferring its records to NARA. However, on or about February 11, 2011, FCIC entered into a Standard Form Agreement (using Standard Form 258) to Transfer Records to the National Archives of the United States (the "Agreement"), thereby transferring legal custody of FCIC records to Defendant from the FCIC. (Exhibit 2).

18. On information and belief, Sarah Zuckerman, whose signature appears on the "Agency Approval" portion of the Agreement and purportedly was authorized to execute the Agreement on behalf of the FCIC, was a low-level staff member on the FCIC on or about February 11, 2011.

19. In the Agreement, the certification by the "transferring agency" (FCIC) that "any constrictions on the use of these records are in conformance with the requirements of 5 U.S.C. § 552 [i.e. FOIA]," was crossed out by a hand-drawn line.

20. The Terms of Agreement section of the Agreement also provides that the transfer of FCIC records is in accordance with 44 U.S.C. § 2108.

21. The Terms of Agreement did not provide that the FCIC documents and communications were transferred to Defendant pursuant to 44 U.S.C. § 2118, which pertains to transfer of records from Congress and its committees.

22. The Terms of Agreement section of the Agreement provided that the transfer of FCIC records is in accordance with 44 U.S.C. § 2107(1), which, *inter alia*, authorizes Defendant to accept for deposit "the records of a Federal Agency," so long as the Archivist of the United States believes it "to be in the public interest."

23. On information and belief, Congress did not through letter, resolution, or any other expression of intent, provide instructions regarding NARA's use and/or disclosure of the requested FCIC records.

24. On information and belief, the House Committee on Oversight and Government Reform ("Oversight Committee") requested FCIC records, including e-mails, from FCIC in late 2010 and early 2011.

25. On information and belief, NARA produced many or all of the records requested by the Oversight Committee in an electronic format on electronic discs.

26. On information and belief, NARA's production was not pursuant to a subpoena or any other form of legally-compelled disclosure.

27. On information and belief, the FCIC records produced to the Oversight Committee by NARA had been concatenated or otherwise assembled, organized, cataloged, or combined in a searchable format prior thereto.

28. On information and belief, certain of the FCIC records produced to the Oversight Committee by NARA were received in the form of database files, which were subsequently uploaded into Concordance, a form of discovery management software, by the Oversight Committee.

29. On information and belief, NARA has, at minimum, created database files of the FCIC records.

30. The FCIC website, as it existed on March 10, 2011, "is a federal record managed on behalf of" NARA that is publicly available at http://cybercemetery.unt.edu/archive/fcic/20110310172443/http://fcic.gov/ (last visited March 5, 2012) that contains FCIC records under NARA's custody and control.

31. On October 3, 2011, CoA, as Freedom Through Justice Foundation, sent a FOIA request to NARA for all FCIC records transferred to the Oversight Committee. CoA also asked for waiver of search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). (Exhibit 3.)

32. By letter dated December 1, 2011, NARA designated Plaintiff's October 3, 2011 FOIA request LL-12-143 and then denied it on grounds that FCIC records are not "agency records" that must be disclosed pursuant to FOIA's disclosure provisions and that the FCIC established a five-year restriction on public access to FCIC records which it had chosen not to release. (Exhibit 4.)

33. By letter dated January 5, 2012, CoA timely appealed. (Exhibit 5.)

34. On or about January 13, 2012, NARA acknowledged receipt of CoA's appeal. (Exhibit 6.) Final agency action denying the appeal occurred on or about February 6, 2012. (Exhibit 7.) NARA never addressed CoA's request for waiver of search and duplication fees.

35. Both NARA's December 1, 2011 FOIA denial letter and its February 6, 2012 appeal denial letter were silent as to Plaintiff's request for a fee waiver.

36. On information and belief, many of the FCIC records transferred to Defendant on or about February 11, 2011, were not created by the FCIC but by Executive branch agencies and others.

37. On or about March 13, 2012, former FCIC Commissioner Peter Wallison wrote to NARA requesting access to FCIC records needed by him to respond to statements in a July 13, 2011 report by the minority staff of the Committee on Oversight and Government Reform, U.S. House of Representatives, that made use of FCIC materials from NARA.

38. On information and belief, NARA General Counsel Gary Stern told Wallison that "NARA's policy is that any commissioner of any commission (including the Financial Crisis Inquiry Commission) has the right to review documents in case—among other things—the commissioner is called to testify in a legal or congressional proceeding."

39. On information and belief, on or around March 29, 2012 Mr. Stern told Commissioner Wallison NARA would not allow Mr. Wallison to seek assistance from third parties (including counsel) to access FCIC records.

40. On information and belief, Mr. Stern also told Commissioner Wallison that NARA has the originals of all FCIC records, including records provided to the Oversight Committee.

41. By letter dated April 18, 2012, Mr. Stern responded to an April 5, 2012 email from Peter Wallison and stated:

    Only in the past few years have members of commissions requested that the Archivist of the United States allow for continued access by former commissioners and their senior staff. The request was premised on the limited need to prepare for possible subsequent congressional hearings or queries on the work of the commission. There is no statutory or regulatory requirement that the Archivist grant this request. However, the Archivist has determined that it is reasonable to grant former Commissioners and their senior staff continued access to the records of the Commission for the limited purpose described above. This discretionary access is limited to the persons named in the request letter from the former Chairman of the Commission, and thus does not extend to other persons, including representatives of the named persons.

42. On information and belief, Defendant has integrated the FCIC records into its files and record system in the legitimate conduct and course of its official duties.

## COUNT 1

## FOR VIOLATION OF FOIA

43. CoA repeats paragraphs 1 - 42.

44. CoA has exhausted applicable administrative remedies.

45. NARA's failure to disclose the documents requested by CoA violates FOIA, 5 U.S.C. § 552.

46. CoA is entitled to injunctive relief compelling the release and disclosure of the requested records.

## COUNT II

## FOR A FEE WAIVER

47. CoA repeats paragraphs 1-42.

48. CoA has exhausted applicable administrative remedies.

49. NARA's failure to grant CoA's request for a search and duplication fee waiver violates FOIA, 5 U.S.C. § 552.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

I. Enter an order:

   a. Declaring that NARA has wrongfully withheld the requested FCIC records;

   b. directing NARA to search for all records responsive to CoA's request and then demonstrate that it employed appropriate search methods;

   c. directing NARA to produce by a date certain all non-exempt records and a Vaughn index of all records withheld under claim of exemption; and

    d. declaring that Plaintiff is entitled to a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(I) and 5 U.S.C. § 552(a)(4)(A)(iii).

II. Issue a permanent injunction directing NARA to disclose and release to CoA all wrongfully withheld records.

III. Maintain jurisdiction over this action until NARA complies with the FOIA and all orders of this Court.

IV. Award CoA's attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

V. Grant such additional and further relief to which CoA may be entitled.

Respectfully submitted,

_s/ Karen M. Groen_____
KAREN GROEN (D.C. Bar No. **[501846]**
SENIOR OVERSIGHT COUNSEL
Cause of Action, Inc.
2100 M Street, NW
Suite 170-247
Washington, D.C. 20037-1233
(202) 507-5880 (telephone)
(202) 507-5881 (facsimile)