# EXHIBIT

# 3



2111 Wilson Blvd # 700 | Arlington, VA, 22201 | 703.875.8625

**VIA E-MAIL AND FIRST CLASS MAIL**

Mr. Gary M. Stern
General Counsel
National Archives and Records Administration
8601 Adelphi Road, Room 3110
College Park, MD 20740
garym.stern@nara.gov

**Re: Freedom of Information Act Request**

Dear Mr. Stern:

We write on behalf of the Freedom Through Justice Foundation, a 501(c)(3) nonprofit, nonpartisan public interest firm that uses public policy and legal reform strategies to ensure greater transparency in government, protect taxpayer interests, and promote social and economic freedoms.

The Financial Crisis Inquiry Commission ("FCIC") was created by an act of Congress in May of 2009, and was tasked with investigating and completing a report that detailed the causes of the economic failures in 2008. Despite the FCIC's nonpartisan purpose, both the FCIC and its subsequent report have been the subject of recent political controversy.

Prior to the release of the Commission's report, U.S. House Committee on Oversight and Government Reform Chairman Darrell Issa (R-CA) raised questions concerning the potential conflicts of interest that existed between Commission staff and several outside entities involved in suing banks targeted by the FCIC.[1] Oversight Committee Ranking Member Elijah Cummings (D-MD) recently released a report finding that several of the decisions of the FCIC may have been politically motivated.[2]

Because of the risk of potential conflicts of interest and politicization involved at the FCIC, the public has an interest in an independent assessment of the FCIC record.

---

[1] LETTER, DARRELL ISSA, CHRMN., H. COMM. ON OVERSIGHT & GOV'T REF. TO PHIL ANGELIDES, CHRMN., FCIC (July 27, 2010), *available at* http://oversight.house.gov/images/stories/Letters/7-27-10_Issa_Letter_to_Angelides_-_FCIC_Budget.pdf.
[2] STAFF OF H. COMM. ON OVERSIGHT AND GOV'T REF, 111TH CONG., AN EXAMINATION OF ATTACKS AGAINST THE FINANCIAL CRISIS INQUIRY COMMISSION 3 (Comm. Print 2011) *available at* http://democrats.oversight.house.gov/images/stories/MINORITY/fcic%20report/FCIC%20Report%2007-13-11.pdf.

Mr. Gary M. Stern
October 3, 2011
Page 2 of 4

      FCIC records were deposited at the National Archives ("NARA,")[3] which subsequently shared those documents with the Oversight and Government Committee for the purpose of the Committee's investigation. Freedom Through Justice Foundation is entitled to receive the aforementioned records stored with NARA and shared with the Oversight Committee. NARA is a federal agency and records under its control are subject to disclosure under FOIA.

      This request seeks no privileged information from NARA. These records are not exempt from disclosure due to privilege because they were relied upon extensively in the creation of the House Oversight and Government Reform Committee's publicly released report. And even if these records were privileged under FOIA exemption 5, which protects inter-agency or intra agency memoranda, documents lose their protection if a final decision maker chooses "expressly to adopt or incorporate" the documents by reference.[4]

      Other privileges or exemptions that might prevent disclosure are not applicable here. Congress does not enjoy the same protections as a federal agency under FOIA, and documents conveyed to Congress do not fall under the inter-agency protections.[5] Moreover, the documents were requested by the Chairman of the House Oversight and Government Reform Committee via his subpoena powers, so the privileges that normally apply to materials requested by individual members of Congress should not apply.[6] The Oversight Committee's public report has revealed the contents of the FCIC documents to the public, and it is in the public's best interests to have access to the entire record. Additionally, any deliberative-process or informational-privilege claims against this request can only be raised by the FCIC, which has expressed its intent that this information eventually be made public through NARA.[7]

      Pursuant to the provisions of FOIA and 5 CFR § 2502, the Freedom Through Justice Foundation hereby requests that NARA produce within twenty (20) business days for the date range of May 20, 2009 to the present: all documents, including e-mail communications, memoranda, draft reports, and other relevant information and/or data contained in the records transfer of Financial Crisis Inquiry Commission documents stored at NARA to the Committee on Oversight and Government Reform at the U.S. House of Representatives.

---

[3] Interview by FTJ Staff with Gary Stern, General Counsel, FCIC (Sept. 23, 2011).
[4] See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 161 (1975) see also Niemeier v. Watergate Special Protection Force, 565 F.2d 967, 973 (7th Cir. 1977) (ordering disclosure of underlying memorandum that was expressly relied upon in final agency dispositional document).
[5] See Dow Jones & Co. v. DOJ, 917 F.2d 571 (D.C. Cir. 1990).
[6] Cf. Murphy v. Department of Army, 613 F.2d 1151 (D.C. Cir. 1979).
[7] FINANCIAL CRISIS INQUIRY COMMISSION, THE FINANCIAL CRISIS INQUIRY REPORT, XII, (2011), available at http://www.gpoaccess.gov/fcic/fcic.pdf (The report is not a sole repository of what the panel found . . . more materials that cannot be released yet for various reasons will eventually be made public through the National Archives and Records Administration).

Mr. Gary M. Stern
October 3, 2011
Page 3 of 4

### Freedom Through Justice Qualifies Under the Non-Commercial Fee Category

The Freedom Through Justice Foundation requests a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). The Freedom Through Justice Foundation is a 501(c)(3), not-for-profit, representative of the news media and has no commercial purpose in requesting information. Freedom Through Justice has no commercial, trade or profit interests and is organized and operated to publish or broadcast news to the general public. Freedom Through Justice will use its editorial skills to turn raw materials into a distinct work.

### Freedom Through Justice Is Entitled to a Complete Waiver of Fees

Freedom Through Justice requests a waiver of fees as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The disclosure of the requested information is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).[8]

The subject matter of the requested records specifically concerns identifiable "operations or activities of the government." The disclosable portions of the requested information will be meaningfully informative in relation to this request. This disclosure will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons. Freedom Through Justice has a dynamic and diverse staff whose range of expertise includes a combined 15 years of government oversight, investigative reporting, and federal public interest litigation experience.

### Production of Documents and Contact Information

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA. . . . The presumption of disclosure should be applied to all decisions involving FOIA.[9]

If any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the

---

[8] *See, e.g.,* Carney v. U.S. Dep't of Justice, 19 F.3d 807, 814 n.3 (2d Cir. 1994); Prison Legal News v. Lappin, 436 F. Supp. 2d 17, 27 n.5 (D.D.C. 2006).
[9] PRESIDENT BARACK OBAMA, MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES, SUBJECT: FREEDOM OF INFORMATION ACT, Jan. 21, 2009, *available at* http://www.whitehouse.gov/the-press-office/freedom-information-act .

Mr. Gary M. Stern
October 3, 2011
Page 4 of 4

claimed exemption.[10] In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material.[11]

In an effort to facilitate record production within the statutory time limit, the Freedom Through Justice Foundation prefers to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, the Freedom Through Justice Foundation will accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately via Amber Taylor (Amber.Taylor@ftjfoundation.org) or Will Hild (Will.Hild@ftjfoundation.org) at 703-875-8625. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

AMBER D. TAYLOR
SENIOR ATTORNEY

Encl. "Responding to Records Requests" and "Definitions" for the purposes of this request

---

[10] Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).
[11] 5 U.S.C. § 552(b).

### Responding to Document Requests

1. In complying with this request, you should produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf. You should also produce documents that you have a legal right to obtain, that you have a right to copy or to which you have: access, as well as documents that you have placed in the temporary possession, custody, or control of any third party. Requested records, documents, data or information should not be destroyed, modified, removed, transferred or otherwise made inaccessible to the Freedom Through Justice Foundation.

2. In the event that any entity, organization or individual denoted in this request has been, or is also known by any other name than that herein denoted, the request shall be read also to include that alternative identification.

3. The Freedom Through Justice Foundation's preference is to receive documents in electronic form (i.e., CD, memory stick, or thumb drive) in lieu of paper productions.

4. When you produce documents, you should identify the paragraph in the Freedom Through Justice Foundation's request to which the documents respond.

5. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same documents.

6. If any of the requested information is only reasonably available in machine-readable form (such as on a computer server, hard drive, or computer backup tape), you should consult with the Freedom Through Justice Foundation staff to determine the appropriate format in which to produce the information.

7. If compliance with the request cannot be made in full, compliance shall be made to the extent possible and shall include an explanation of why full compliance is not possible.

8. In the event that a document is withheld on the basis of privilege, provide a privilege log containing the following information concerning any such document: (a) the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author and addressee; and (e) the relationship of the author and addressee to each other.

9. If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject and recipients) and explain the circumstances under which the document ceased to be in your possession, custody, or control.

10. If a date or other descriptive detail set forth in this request referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

11. The time period covered by this request is included in the attached request. To the extent a time period is not specified, produce relevant documents from January 1, 2009 to the present.

12. This request is continuing in nature and applies to any newly-discovered information. Any record, document, compilation of data or information, not produced because it has not been located or discovered by the return date, shall be produced immediately upon subsequent location or discovery.

13. All documents shall be Bates-stamped sequentially and produced sequentially.

## Definitions

1. The term "document" means any written, recorded, or graphic matter of any nature whatsoever regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmation, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (e-mail), contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication" means each manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, email, regular mail, telexes, releases, or otherwise.

3. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neuter genders.

4. The terms "person" or "persons" mean natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

5. The term "identify," when used in a question about individuals, means to provide the following information: (a) the individual's complete name and title; and (b) the individual's business address and phone number.

6. The term "referring or relating," with respect to any given subject, means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is pertinent to that subject in any manner whatsoever.