# EXHIBIT

# 5



**CAUSE of ACTION**

**Advocates for Government Accountability**

A 501(c)(3) Nonprofit Corporation

Telephone: (703) 875.8625
Web Site: CauseofAction.org
2100 M Street
Suite 170-247
Washington, D.C. 20037

January 5, 2012

**VIA E-MAIL AND FIRST CLASS MAIL**

ATTN: Debra Steidel Wall
Deputy Archivist of the United States
FOIA Appeal Staff, Room 4200
National Archives and Records Administration
8601 Adelphi Road
College Park, Maryland 20740-6001

**RE: FREEDOM OF INFORMATION ACT APPEAL (FOIA APPEAL LL-12-143)**

Dear Mr. Fulgram:

    We write in response to your December 1, 2011 letter denying our Freedom of Information Act ("FOIA") request for records created, relied on, or otherwise used by the Financial Crisis Inquiry Commission (hereinafter "FCIC") pursuant to Section 5 of the Fraud Enforcement and Recovery Act of 2009 (hereinafter "FERA") and subsequently obtained and controlled by the National Archives and Records Administration (hereinafter "NARA"). Specifically, you denied our request on the following grounds: (1) the FCIC is not subject to FOIA because FOIA "only applies to executive branch agencies"; and (2) "in accordance with 44 U.S.C. § 2108(a), the Commission established a five-year restriction on public access to its non-public records."[1]  For the following reasons, we urge you to reevaluate your position.

    **A. FCIC records obtained and controlled by NARA are subject to FOIA and must be produced, unless a narrowly construed statutory exemption applies.**

    NARA has acknowledged it is an executive branch agency, which is generally subject to FOIA.  The Supreme Court has made clear that "[a]n agency ordinarily may refuse to make

---

[1] Letter from  Matt Fulgham, Assistant Director, Center for Legislative Archives, to Amber Taylor, Cause of Action (Dec. 1, 2011).

Mr. Matt Fulgrum
January 5, 2012
Page 2

available documents in its control only if it proves that the documents fall within one of the nine disclosure exemptions set forth in § 552(b)." [2]

As you are aware, FOIA does not define the term "agency records." But the Court has established a two-pronged test for determining whether material constitutes an "agency record."[3] The first prong of the test is disjunctive: a federal agency must "*either* create *or* obtain" the materials at issue.[4] Under this requirement, the agency must have possession of the material at the time of the request in order for the material to qualify as an "agency record." Second, the agency "must be in control of the requested materials at the time the FOIA request is made[,]...mean[ing] that the materials have come into the agency's possession in the legitimate conduct of its official duties.[5] In *Department of Justice v. Tax Analysts*, the Court applied this test and squarely held that federal district court tax opinions in the possession of the Tax Division of the Department of Justice are not *court* records, which are outside of the ambit of FOIA, but rather "*agency*" records," which *are* subject to FOIA.[6]

The Court has given its imprimatur to a broad definition of "agency records": "agency records include all books, papers, maps, photographs, machine readable materials, or other documentary materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business...."[7]

Your agency, which is subject to FOIA, has possession and control of FCIC documents that are agency records under well-established law. The mere fact that those agency records were produced by a Commission formed pursuant to a federal statute that directed that Commission to report *both* to the President and Attorney General and the Congress does not somehow *ipse dixit* transform FCIC documents into part of the Congressional Record.[8] Rather, the FCIC documents in your possession constitute "agency records" that your federal agency has obtained and currently has in its control. Those agency records must be produced in response to a FOIA request, unless one of FOIA's nine exemptions applies. And as the case cited by you in your

---

[2] *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 141 (1989).

[3] *See id.* at 138, 155.

[4] *Id.* at 144 (citations omitted and emphasis added).

[5] *Id.* at 145.

[6] *See id.*

[7] *Id.* (internal quotations and citation omitted).

[8] *Cf. United We Stand Am., Inc. v. IRS*, 360 U.S. App. D.C. 243, 251 (D.C. Cir. 2004) ("Under these circumstances, absent 'clear' (Goland's word) expression of congressional intent to control the entire response, neither the IRS's own expectations nor its handling of the document can turn the entire agency-created record into a congressional document. Otherwise, documents that agencies create in response to congressional requests could become congressional documents even if Congress expressed no intent to keep them secret, for it can be said of most such materials that they would not have been created but for the congressional request, that the agency relies on them from no other purpose, and that they are kept in separate files, i.e., in the agency's office of congressional affairs. Such a result would 'exempt from FOIA's purview a broad array of materials otherwise clearly categorizable as agency records, thereby undermining the spirit of broad disclosure that animates the Act.' " (citations omitted)). *See generally* Fraud Enforcement and Recovery Act of 2009, Pub. Law 111-21, 123 Stat. 1617, Sec. 5 (creating Financial Crisis Inquiry Commission).

Mr. Matt Fulgrum
January 5, 2012
Page 3

letter makes clear: "as a matter of public policy, the FOIA exemptions are to be narrowly construed...."[9]

### B. The Commission is not authorized under 44 U.S.C. § 2108(a) to establish a five-year restriction on public access to FCIC records.

5 U.S.C. § 552(b)(3) provides in relevant part that FOIA does not apply to agency records that are

> specifically exempted from disclosure by statute (other than section 552b of this title [5 USCS § 552b]), if that statute—
> (A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
> (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009 [enacted Oct. 28, 2009], specifically cites to this paragraph.[10]

Conspicuously absent from Section 5 of FERA, which created the FCIC, is any blanket statement to the effect that the Commission's work product and the documents it generated and relied on should, as a general matter, be withheld from the public in such a manner as to leave no discretion on the issue, and the statute does not outline any criteria for withholding information. Indeed, FERA contains no provisions that implicitly or explicitly indicate a congressional intent to exempt the FCIC from FOIA.

To be sure, Section 5(g) of the Act, entitled "Nonapplicability of Federal Advisory Committee Act," specifically states that "[t]he Federal Advisor Committee Act (5 U.S.C. App.) shall not apply to the Commission."[11] But application of the well-accepted principle of statutory construction *inclusio unius exclusio alterius*, the inclusion of one thing suggests the exclusion of another, militates toward the conclusion that Congress did not intend to exempt the Commission's work from disclosure under FOIA. Moreover, the Commission held public hearings and generated a public report. The notion that Congress intended to either exempt FCIC from FOIA or implicitly delegate to the Commission the authority to restrict access to the documents it relied on and generated is without any statutory support.

You invoke 44 U.S.C. § 2108(a) to support your assertion that there is a "five-year restriction on public access to [FCIC's] non-public records." That provision provides in relevant part:

> Except as provided in subsection (b) of this section, when the head of a Federal agency states, in writing, restrictions that appear to him to be necessary or desirable in the public interest with respect to the use or

---

[9] *Murphy v. Dep't. of Army*, 613 F.2d 1151, 1157-1158 (D.C. Cir. 1979).
[10] 5 U.S.C. § 552(b)(3).
[11] Pub. Law 111-21, 123 Stat. 1617, Sec. 5(g).

Mr. Matt Fulgrum
January 5, 2012
Page 4

examination of records being considered for transfer from his custody to the Archivist, the Archivist shall, if he concurs,[,] impose such restrictions on the records so transferred, and may not relax or remove such restrictions without the written concurrence of the head of the agency from which the material was transferred, or of his successor in function, if any. ....Restriction on the use or examination of records deposited with the National Archives of the United States imposed by section 3 of the National Archives Act, approved June 19, 1934, shall continue in force regardless of the expiration of the tenure of office of the official who imposed them but may be removed or relaxed by the Archivist with the concurrence in writing of the head of the agency from which material was transferred or of his successor in function, if any.[12]

That provision gives neither NARA nor the Commission the authority to impose a five-year restriction on FOIA access. First, as you noted, the FCIC is not a federal agency; thus, it cannot have a "head." Second, 5 U.S.C. § 552(b)(3), by its terms, only applies to statutes—not regulations promulgated by agencies or agency orders. Thus, NARA and other agencies may not insulate themselves from FOIA simply by promulgating regulations. Therefore, 44 U.S.C. § 2108(a) is inapposite to the question whether the FCIC records are subject to FOIA.

Simply put, the documents we requested in our initial FOIA request are agency records that are *subject to* FOIA. Unless you can point to a specific provision in the FOIA statute that exempts individual records, you must provide them in response to our FOIA request.

We specifically reserve the right to supplement this appeal as necessary and as allowed by applicable law. We sincerely hope that you will reconsider your agency's denial of our FOIA request in light of this additional information. If you do not, we will have no choice but to vindicate our right of access to this information through litigation.

Sincerely,

Daniel Epstein
Executive Director

---

[12] 44 U.S.C. § 2108(a).