# EXHIBIT 1



# Office of the Attorney General
Washington, D.C. 20530

March 19, 2009

MEMORANDUM FOR HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES

FROM:   THE ATTORNEY GENERAL

SUBJECT:   The Freedom of Information Act (FOIA)

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, reflects our nation's fundamental commitment to open government. This memorandum is meant to underscore that commitment and to ensure that it is realized in practice.

A Presumption of Openness

As President Obama instructed in his January 21 FOIA Memorandum, "The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails." This presumption has two important implications.

First, an agency should not withhold information simply because it may do so legally. I strongly encourage agencies to make discretionary disclosures of information. An agency should not withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption.

Second, whenever an agency determines that it cannot make full disclosure of a requested record, it must consider whether it can make partial disclosure. Agencies should always be mindful that the FOIA requires them to take reasonable steps to segregate and release nonexempt information. Even if some parts of a record must be withheld, other parts either may not be covered by a statutory exemption, or may be covered only in a technical sense unrelated to the actual impact of disclosure.

At the same time, the disclosure obligation under the FOIA is not absolute. The Act provides exemptions to protect, for example, national security, personal privacy, privileged records, and law enforcement interests. But as the President stated in his memorandum, "The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

Pursuant to the President's directive that I issue new FOIA guidelines, I hereby rescind the Attorney General's FOIA Memorandum of October 12, 2001, which stated that the Department of Justice would defend decisions to withhold records "unless they lack a sound

---

Memorandum for Heads of Executive Departments and Agencies    Page 2
Subject: The Freedom of Information Act

legal basis or present an unwarranted risk of adverse impact on the ability of other agencies to protect other important records."

Instead, the Department of Justice will defend a denial of a FOIA request only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law. With regard to litigation pending on the date of the issuance of this memorandum, this guidance should be taken into account and applied if practicable when, in the judgment of the Department of Justice lawyers handling the matter and the relevant agency defendants, there is a substantial likelihood that application of the guidance would result in a material disclosure of additional information.

FOIA Is Everyone's Responsibility

Application of the proper disclosure standard is only one part of ensuring transparency. Open government requires not just a presumption of disclosure but also an effective system for responding to FOIA requests. Each agency must be fully accountable for its administration of the FOIA.

I would like to emphasize that responsibility for effective FOIA administration belongs to all of us—it is not merely a task assigned to an agency's FOIA staff. We all must do our part to ensure open government. In recent reports to the Attorney General, agencies have noted that competing agency priorities and insufficient technological support have hindered their ability to implement fully the FOIA Improvement Plans that they prepared pursuant to Executive Order 13392 of December 14, 2005. To improve FOIA performance, agencies must address the key roles played by a broad spectrum of agency personnel who work with agency FOIA professionals in responding to requests.

Improving FOIA performance requires the active participation of agency Chief FOIA Officers. Each agency is required by law to designate a senior official at the Assistant Secretary level or its equivalent who has direct responsibility for ensuring that the agency efficiently and appropriately complies with the FOIA. That official must recommend adjustments to agency practices, personnel, and funding as may be necessary.

Equally important, of course, are the FOIA professionals in the agency who directly interact with FOIA requesters and are responsible for the day-to-day implementation of the Act. I ask that you transmit this memorandum to all such personnel. Those professionals deserve the full support of the agency's Chief FOIA Officer to ensure that they have the tools they need to respond promptly and efficiently to FOIA requests. FOIA professionals should be mindful of their obligation to work "in a spirit of cooperation" with FOIA requesters, as President Obama has directed. Unnecessary bureaucratic hurdles have no place in the "new era of open Government" that the President has proclaimed.

Memorandum for Heads of Executive Departments and Agencies   Page 3
Subject: The Freedom of Information Act

<u>Working Proactively and Promptly</u>

     Open government requires agencies to work proactively and respond to requests promptly. The President's memorandum instructs agencies to "use modern technology to inform citizens what is known and done by their Government." Accordingly, agencies should readily and systematically post information online in advance of any public request. Providing more information online reduces the need for individualized requests and may help reduce existing backlogs. When information not previously disclosed is requested, agencies should make it a priority to respond in a timely manner. Timely disclosure of information is an essential component of transparency. Long delays should not be viewed as an inevitable and insurmountable consequence of high demand.

     In that regard, I would like to remind you of a new requirement that went into effect on December 31, 2008, pursuant to Section 7 of the OPEN Government Act of 2007, Pub. L. No. 110-175. For all requests filed on or after that date, agencies must assign an individualized tracking number to requests that will take longer than ten days to process, and provide that tracking number to the requester. In addition, agencies must establish a telephone line or Internet service that requesters can use to inquire about the status of their requests using the request's assigned tracking number, including the date on which the agency received the request and an estimated date on which the agency will complete action on the request. Further information on these requirements is available on the Department of Justice's website at www.usdoj.gov/oip/foiapost/2008foiapost30.htm.

*****

     Agency Chief FOIA Officers should review all aspects of their agencies' FOIA administration, with particular focus on the concerns highlighted in this memorandum, and report to the Department of Justice each year on the steps that have been taken to improve FOIA operations and facilitate information disclosure at their agencies. The Department of Justice's Office of Information Policy (OIP) will offer specific guidance on the content and timing of such reports.

     I encourage agencies to take advantage of Department of Justice FOIA resources. OIP will provide training and additional guidance on implementing these guidelines. In addition, agencies should feel free to consult with OIP when making difficult FOIA decisions. With regard to specific FOIA litigation, agencies should consult with the relevant Civil Division, Tax Division, or U.S. Attorney's Office lawyer assigned to the case.

     This memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or equity by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees, agents, or any other person.