# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAUSE OF ACTION, INC.,            )
                                      )

        Plaintiff,                )
                                      )

        v.                     )    1:12-cv-1342 (JEB)
                                      )

NATIONAL ARCHIVES AND         )    **HEARING REQUESTED**
RECORDS ADMINISTRATION,        )
                                      )

        Defendant.              )
_____ )

## PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF ROBERT MATTHEW FULGHAM, JR. AND THOMAS E. MILLS OR IN THE ALTERNATIVE FOR LEAVE OF COURT TO TAKE LIMITED DISCOVERY

Plaintiff, Cause of Action, Inc. ("CoA" or "Plaintiff"), pursuant to Local Rule 7 and Federal Rule of Civil Procedure 56, hereby respectfully moves this Honorable Court to Strike the Declarations of Defendant National Archives and Records Administration's ("NARA" or "Defendant") employees, Thomas E. Mills ("Mills Decl.") and Robert Matthew Fulgham, Jr. ("Fulgham Decl."), or in the alternative to take limited discovery in the form of a deposition of Mr. Fulgham which would be restricted to the four corners of his Declaration. Mr. Mills and Mr. Fulgham executed Declarations on behalf of Defendant in the above-referenced matter, in furtherance of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment ("Defs.' Motion"). Both the Mills Decl. and the Fulgham Decl. contain inadmissible matter that is irrelevant, immaterial, without foundation, not based on personal knowledge, and conclusory both factually and legally.

Pursuant to Local Rule 7(m), the undersigned counsel contacted counsel for Defendant, who opposed this motion. A Memorandum of Points and Authorities in Support Hereof, and a proposed Order, are attached.

## REQUEST FOR HEARING

Plaintiff, Cause of Action, hereby respectfully requests, pursuant to Local Rule 7(f), a

hearing on its Motion to Strike the Declarations of Thomas E. Mills and Robert Matthew Fulgham,

Jr., or in the alternative to take Limited Discovery.


Dated:  December 20, 2012                    Respectfully submitted,

                                            /s/ Karen M. Groen
                                            Karen M. Groen
                                            (D.C. Bar No. 501846)

                                            /s/  Daniel Z. Epstein
                                            Daniel Z. Epstein
                                            (D.C. Bar No. 1009132)
                                            Cause of Action
                                            1919 Pennsylvania Ave, NW, Suite 650
                                            Washington, D.C. 20006
                                            Telephone: (202) 499-4232
                                            daniel.epstein@causeofaction.org
                                            karen.groen.olea@causeofaction.org

                                            *Counsel  for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAUSE OF ACTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-cv-1342 (JEB) |
| | ) | |
| NATIONAL ARCHIVES AND | ) | **HEARING REQUESTED** |
| RECORDS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATIONS OF THOMAS E. MILLS AND ROBERT MATTHEW FULGHAM, JR., OR IN THE ALTERNTATIVE TO TAKE LIMITED DISCOVERY**

Plaintiff, Cause of Action, Inc., hereby files this Memorandum of Points and Authorities in Support of its Motion to Strike the Declarations of Thomas E. Mills ("Mr. Mills") and Robert Matthew Fulgham, Jr. ("Mr. Fulgham"), or in the Alternative to Take Limited Discovery, stating as follows:

I.     **STANDARD OF REVIEW**

Fed.R.Civ.P. 56(c) governs declarations submitted in support of motions for summary judgment. Simply put, such declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4); *see Hall v. CIA,* 538 F.Supp.2d 64, 66 (D.D.C. 2008) (discussing former Rule 56(e)).

II.        **RELEVANCE AND MATERIALITY**

It is well-settled that "[i]n considering a motion for summary judgment on a FOIA claim, a court may rely upon an agency's affidavits so long as they 'contain sufficient detail' and 'are not controverted by contrary evidence.'" *Walsh v. FBI,* No. 11-2214, 2012 U.S. Dist. LEXIS 166239, at *6 (D.D.C. Nov. 21, 2012) (citations omitted).  "Agency affidavits are afforded a 'presumption of good faith' and can be rebutted only with evidence that the agency did not act in good faith." *Id.* (citing *Defenders of Wildlife v. Dep't of the Interior,* 314 F.Supp.2d 1, 8 (D.D.C. 2004)).

Rule 401 of the Federal Rules of Evidence ("FRE") states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Under FRE 402, only relevant evidence is admissible.

Accordingly, Mr. Fulgham's recitation of the nooks and crannies, as well as the definitional and administrative process, regarding NARA's handling of congressional and legislative records is wholly irrelevant and immaterial to the central issue in this case: NARA's possession and control of the Financial Crisis Inquiry Commission's ("FCIC") records at the time of Plaintiff's Freedom of Information Act ("FOIA") request on October 3, 2011, such that the FCIC records were agency records subject to the FOIA. *See* Fulgham Decl. at ¶¶ 7-29. This is so because NARA's contention, without legal basis and belied by the actions of NARA in the handling of the FCIC records after it took possession of same, that the records maintained their legislative character is erroneous under the case law in the District of Columbia Circuit, and in this Court, as to whether records are "agency records" for purposes of the FOIA. *See* Plaintiff's Memorandum of Points and Authorities in Support of its Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment; Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Cross-Motion for Summary Judgment.

Mr. Mills' Declaration[1] is similarly defective in that a recitation of the background of the National Archives, Presidential records and other materials, and legislative records is completely irrelevant because NARA's possession of and control of the FCIC records, at the time of Plaintiff's FOIA request on October 3, 2011, made those records agency records and subject to FOIA. Mills Decl. ¶¶ 1-23, 25-33, 35.

III.    **PERSONAL KNOWLEDGE**

The Fulgham Declaration contains many statements that are not based upon personal knowledge. *See* § IV., *infra*. Of particular concern are ¶¶ 33-34. Mr. Fulgham does not, and cannot, express any opinion as to the "parties' intent" with specific regard to the language struck from the SF 258 by Ms. Sarah Zuckerman. Fulgham Decl. at ¶ 33; § IV., ¶ 2.

More alarmingly, Mr. Fulgham states as follows in paragraph 34: "**It is clear to me**—based on my personal involvement in the process, Chairman Angelides' letters, and the subsequent signing of the SF-258 between NARA and FCIC—that the FCIC **acted in signing the transfer documentation with the clear intent and desire to put controls on the future access to, and use and disclosure of, FCIC records**." Fulgham Decl. ¶ 34 (emphasis supplied). Mr. Fulgham cannot possibly know the "clear intent and desire" of the FCIC.

IV.    **NO FOUNDATION FOR DECLARANT'S CONCLUSORY STATEMENTS**

The Fulgham Declaration contains a number of conclusory statements that have no foundation and, therefore, are inadmissible. *See Lujan v. Nat'l. Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") (citations omitted); *Gov't of the Republic of China v. Compass Communications Corp.*, 473 F.Supp. 1306, 1308 (D.D.C. 1979) (declarations containing "hearsay and generalized, conclusory and unsubstantiated statements" are insufficient

---

[1]  Knowledge based "on information and belief" is improper for a Rule 56(c)(4) declaration. *See Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950); *Hicks v. Baines*, 593 F.3d 159, 167 (2d Cir. 2010); Mills Decl. at ¶ 2.

and inadmissible, and "will not be considered by the court…") (citing *Citizens Envtl. Council v. Volpe,* 484 F.2d 870 (10th Cir. 1973), *cert. denied,* 416 U.S. 936 (1973)).

For example, Mr. Fulgham states that "[t]he SF 258 was also specifically hand-annotated (Terms of Agreement section at top) **to reflect the parties' intent to negate any possibility that the [FOIA] would apply to these materials.**" Fulgham Decl. ¶ 33 (emphasis added).  The Declaration makes no mention of the individual who signed the SF-258 on behalf of the FCIC, nor does it state whether either party had the authority to so alter the document, which Mr. Fulgham states is "a legal document."  Fulgham Decl. ¶ 33. There is no foundation for either statement. The Declaration is stating a legal conclusion for which Mr. Fulgham has neither the competency nor the personal knowledge because he is not in a position to speak of or testify to the "intent" of FCIC in altering the SF-258.  **Moreover, if the argument advanced by the Defendant in this case—that the FCIC records are legislative and not subject to the FOIA—then why was it necessary for Ms. Zuckerman to alter the SF-258?**  Based on the assertions of Mr. Fulgham, "the parties" should have the knowledge, and the competency, to realize that such an alternation was not necessary. Perhaps they do not.

Another conclusory statement is found at paragraph 35 of the Fulgham Declaration regarding the purported five-year restriction imposed on NARA by the FCIC.  "[O]ne of the reasons the FCIC imposed a five-year restriction on public access to the records was to give the Center some advance time to begin processing and organizing the FCIC records."[2]  Mr. Fulgham provides no factual basis for this assertion and provides no explanation of how he might possibly know this. Moreover, the factual foundation for this statement appears nowhere in either the SF-258 or the Angelides letter. Compl. Exs. 1 and 2.

---

[2] Defendant's attempt to compare the FCIC records with the five-year period under the Presidential Records Act, 44 U.S.C. § 2204, is completely incongruous.

We find another blatantly obvious legal conclusion at paragraph 36 of the Fulgham Declaration: "This administrative scheme for FCIC records is exclusive, as the FCIC records are not subject to FOIA."  Mr. Fulgham backstops a legal conclusion—the legal status of the FCIC records when transferred into the custody and control of NARA—without any foundational factual basis in the Record.  Stating that "the FCIC records are not subject to FOIA" is a legal conclusion—in fact, it is the question of law presented to this Court—and should be stricken from the Declaration by this Court.  Mr. Fulgham goes on to speculate as to the potential "harms" that may be caused by granting CoA's FOIA request:  Fulgham Decl. at ¶ 41. ". . . Second, applying FOIA may also change the manner in which legislative commissions perform their duties, causing less documentation created as well as transferred to NARA for the purpose of preserving a historical record ." Fulgham Decl. ¶ 36 (emphasis supplied).  Mr. Fulgham's fears for the future of legislative commissions and the historical record are wholly speculative, as he himself admits in his Declaration by using speculative language and phraseology, as set forth *infra*.

The Fulgham Declaration is chock full of conclusory statements: "may also," "might be," and "could be." "Second, applying FOIA to the FCIC records **may result** in the improper release of sensitive information."  Fulgham Decl. ¶ 40 (emphasis added). "My experience in dealing with legislative commissions generally is that they **might be** less likely to document their activities if legislative staff operated under the belief that records transferred to NARA would be immediately subject to public scrutiny." Fulgham Decl. ¶ 41 (emphasis added).  The Declarant goes on in the rest of ¶ 41 to state what "**could be**."  That is, what "could be" as between agencies and private parties that interact with legislative commissions as well as future commissions. Mr. Fulgham even goes so far as to speculate as to the "chilling to future commissions" if Plaintiff prevails here.  Of course, it is only what "**could be**."  These are not admissible facts.  These inadmissible conclusory statements comprise wholesale speculation, for which Mr. Fulgham provides neither competence nor foundation.

The Mills Declaration contains a conclusion of law similar to the legal conclusion in paragraph 36 of the Fulgham Declaration: "NARA has treated these records as legislative records and has controlled access as specified in the letter from the agency head." Mills Decl. at ¶ 24. This is the legal issue to be decided by this Court, namely, whether the FCIC records were legislative or agency records at the time of CoA's FOIA request on October 3, 2011.  Moreover, Mr. Mills' statement creates a factual dispute, namely, whether NARA's treatment of the FCIC records after transfer—by virtue of control and possession—rendered those records agency records subject to FOIA.

Mr. Mills creates another factual dispute in ¶ 24.  Mr. Mills states that NARA has "controlled access as specified in the letter from the agency head."  However, he does not address the decisions of NARA to make FCIC records available to the House Oversight and Financial Services Committees and to former Commissioner Peter J. Wallison.  First, the "letter from the agency head" did not proscribe disclosure to the Committees.  Second, the "letter from the agency head" requested that each Commissioner have access to the records; it did not, however, proscribe any restrictions on their access. *See* Compl. Ex. 1; Declaration of Daniel Z. Epstein, Exhibit 10 to Plaintiff's Statement of Material Facts Not in Dispute at ¶¶ 3-11;  Declaration of Peter J. Wallison, Exhibit 11 to Plaintiff's Statement of Material Facts Not in Dispute at ¶¶ 10-16.  The wish is the father of the thought in this regard.

Mr. Mills again makes a conclusory statement regarding the FCIC Chairman:[3] "The [FCIC] Chairman, serving as head of the Federal agency under the Federal Records Act, wrote to the Archivist specifying the restrictions **he believed to be necessary or desirable in the public interest.** These restrictions were accepted by NARA in the SF 258."  Mills Decl. at ¶ 34 (emphasis

---

[3]  Mr. Mills and Mr. Fulgham appear to possess this same clairvoyance when it comes to the intent of the FCIC when transferring its records to NARA. Mr. Angelides' intent, however, is not Congressional intent and is not the controlling factor here. *See* Plaintiff's Memorandum of Points and Authorities in Support of its Cross-Motion for Summary Judgment at 29-31.

added).  Mr. Mills has no way of knowing with certitude what the FCIC Chairman intended, nor what he believed to be "desirable in the public interest."  This is at once a legal conclusion and a statement made without personal knowledge.  Therefore it is inadmissible.

## V.    **ALTERNATIVE MOTION FOR LIMITED DISCOVERY**

Plaintiff also moves the Court, in the alternative, for limited discovery in the form of a deposition of Robert Matthew Fulgham, Jr., restricted to an examination of the four corners of his Declaration.  This is necessary because of the many evidentiary irregularities present in the Declaration on its face.  *See* §§ I. through IV., *supra*.  Moreover, there is no other method by which Plaintiff may ascertain the foundation and credibility of Mr. Fulgham's statements.

"Depositions are the most efficient means of discovery for the plaintiffs in the context of the instant case." *American Broadcasting Cos., Inc. v. U.S. Info. Agency,* 599 F.Supp. 765, 769 (D.D.C. 1984) (discussion of deposition in the Rule 56(d) context).  "'Where an agency head possesses particular information necessary to the development or maintenance of the party's case, which cannot be reasonably obtained by another discovery mechanism; the deposition should be allowed to proceed.' *See Sykes v. Brown,* 90 F.R.D. 77, 78 (E.D.Pa. 1981)." *Id.*

Accordingly, Plaintiff requests leave of Court to take a limited deposition of Mr. Fulgham specifically restricted to the four corners of his Declaration.

Dated:  December 20, 2012              Respectfully submitted,

                                       /s/ Karen M. Groen
                                       Karen M. Groen
                                       (D.C. Bar No. 501846)

                                       /s/  Daniel Z. Epstein
                                       Daniel Z. Epstein
                                       (D.C. Bar No. 1009132)
                                       Cause of Action
                                       1919 Pennsylvania Ave, NW, Suite 650

Washington, D.C. 20006
Telephone: (202) 499-4232
daniel.epstein@causeofaction.org
karen.groen.olea@causeofaction.org

*Counsel for Plaintiff*