**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

CAUSE OF ACTION, INC.,                )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )        1:12-cv-1342 (JEB)
                                      )
NATIONAL ARCHIVES AND                 )
RECORDS ADMINISTRATION,               )
                                      )
                    Defendant.        )
———————————————————————)


**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR IN THE
ALTERNATIVE FOR LEAVE TO TAKE DISCOVERY</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

I.      Cause of Action's Motion is Moot, Because It Will Not Affect the Court's
        Resolution of NARA's Motion to Dismiss .........................................................................2

II.     Even Were the Court to Consider the Motion to Strike, It Should Be Denied As
        Procedurally Improper and Lacking On the Merits ............................................................4

        A.      Cause of Action's Motion to Strike is Procedurally Improper and Should
                Be Denied on That Basis Alone. ............................................................................4

        B.      NARA's Declarations Are Fully Consistent with Well-Established FOIA
                Caselaw, and There Is No Basis for Striking the Declarations or Granting
                Discovery ...............................................................................................................6

CONCLUSION.....................................................................................................................11

### INTRODUCTION

In this straightforward lawsuit arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, defendant National Archives and Records Administration ("NARA") has moved to dismiss the complaint for failure to state a claim (ECF No. 8), arguing that the requested records—documents from the Financial Crisis Inquiry Commission ("FCIC"), a temporary commission established within the legislative branch—are legislative in character, and thus outside the reach of FOIA.  NARA's motion to dismiss was supported by two declarations from NARA officials, primarily providing background information about how NARA handles and provides access to legislative records.  Plaintiff Cause of Action, Inc. has now filed a motion to strike the declarations or in the alternative for leave to take discovery.  Specifically, Cause of Action argues that the declarations are irrelevant, and that the declarants lack adequate personal knowledge and foundation for their statements.

Cause of Action's motion is fundamentally flawed and should be denied.  Most glaringly, the motion is wholly lacking on the merits.   NARA's two declarations provide relevant information regarding NARA's treatment of legislative records, and the declarants have more than adequate personal knowledge and foundation for their statements.  Indeed, the declarations are fully consistent with well-settled FOIA caselaw permitting courts to grant summary judgment based solely on agency declarations.  There is simply no basis for striking the declarations or permitting discovery in this case.

Cause of Action's motion also suffers from two threshold defects.  First, the Court should deny Cause of Action's motion as moot, because NARA is entitled to dismissal of this lawsuit even absent the declarations.  There is no need for the Court even to address Cause of Action's motion.

Second, Cause of Action's motion is procedurally improper because it is a second-bite at defeating NARA's motion to dismiss. All of the arguments against the declarations could have—and should have—been raised in Cause of Action's opposition brief. The second-bite nature of the motion is further highlighted by the fact that the Federal Rules of Civil Procedure do not even recognize a motion to strike a declaration, and the fact that Cause of Action waited over six weeks to request discovery from NARA. Even apart from the motion being wholly lacking on the merits, therefore, each of these threshold defects also warrants denial of the motion.

## ARGUMENT

### I.      CAUSE OF ACTION'S MOTION IS MOOT, BECAUSE IT WILL NOT AFFECT THE COURT'S RESOLUTION OF NARA'S MOTION TO DISMISS.

Cause of Action's motion should be denied as moot for three reasons. First, for the reasons stated in NARA's motion to dismiss (as well as in its upcoming reply memorandum, which will be filed on January 11, 2013), NARA is entitled to dismissal of this lawsuit even without considering the information in NARA's declarations. In that event, Cause of Action's motion to strike is clearly moot. *See, e.g.*, *Petit-Frere v. U.S. Attorney's Office for Southern Dist. of Fla.*, 800 F. Supp. 2d 276, 281 (D.D.C. 2011) (Boasberg, J.) (denying a motion to strike in a FOIA case as moot because the defendant was entitled to summary judgment).

 Second, even were the Court inclined to rely on the information in NARA's declarations, the motion to strike would still be moot:  The vast majority, if not all, of the information discussed in NARA's declarations is appropriately considered on a motion to dismiss even absent the declarations. For instance, the Court can always consider NARA's governing statutes and regulations, and the Court can also take judicial notice of the information posted on NARA's website. *See, e.g.*, *Hyson v. Architect of the Capitol*, 802 F. Supp. 2d 84, 91 n.4 (D.D.C. 2011); *Hamilton v. Geithner*, 616 F. Supp. 2d 49, 57 n.6 (D.D.C. 2009).

Additionally, all of the FCIC's record-transfer documents—such as the letter from Chairman Angelides to NARA, and the SF-258 entered into by the FCIC and NARA—were attached to and incorporated into Cause of Action's Complaint, and thus can properly be considered on a motion to dismiss. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (when ruling on a motion to dismiss, a court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice"); Compl. (ECF No. 1) at ¶¶ 15-22, Exhs. 1-2.  Even were the Court to strike NARA's declarations, therefore, all of the underlying information could still be considered by the Court.

Third, even if the Court concluded that information in the declarations was necessary and could not be relied on in resolving a motion to dismiss, the Court is free to treat NARA's motion as a motion for summary judgment.  Cause of Action still would not be entitled to any discovery: Cause of Action has not contradicted any of the statements offered by the declarants, nor has Cause of Action proven any bad faith by the declarants, a lack of specificity in the declarations' statements, or any other defect that would justify withholding summary judgment.  *Cf. Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981) (denying discovery in a FOIA case where "it appears that discovery would only have afforded [the plaintiff] an opportunity to pursue a bare hope of falling upon something that might impugn the affidavits" (internal quotation marks omitted)).

Because Cause of Action's motion will thus have no practical effect on the Court's resolution of NARA's underlying motion, the Court should simply deny Cause of Action's motion as moot.

II.  **EVEN WERE THE COURT TO CONSIDER THE MOTION TO STRIKE, IT SHOULD BE DENIED AS PROCEDURALLY IMPROPER AND LACKING ON THE MERITS.**

A.  **Cause of Action's Motion to Strike is Procedurally Improper and Should Be Denied on That Basis Alone.**

Cause of Action's motion to strike is simply a second-bite at seeking to defeat NARA's motion to dismiss.  All of the arguments challenging NARA's declarations could have—and should have—been raised in Cause of Action's opposition brief.  Some of Cause of Action's arguments are expressly conditioned on the underlying merits issues, or even directly raise merits issues.  *See, e.g.*, Pl.'s Mot. to Strike (ECF No. 14) at 2 (arguing that information regarding "NARA's handling of congressional and legislative records is wholly irrelevant" because "NARA's contention . . . that the records maintained their legislative character is erroneous under the case law"); *id.* at 4 ("Moreover, if the argument advanced by the Defendant in this case—that the FCIC records are legislative and not subject to the FOIA—then why was it necessary for [the FCIC] to alter the SF-258?").  Cause of Action should not be permitted to duplicate the proceedings by filing this ancillary motion to strike, raising only arguments that could have been presented in its opposition brief.

The second-bite nature of Cause of Action's motion is further highlighted by two facts. First, the Federal Rules of Civil Procedure do not recognize a motion to strike a declaration. Although the Rules recognize a motion to strike material from a pleading, *see* Fed. R. Civ. P. 12(f), a declaration is not a pleading.  *See* Fed. R. Civ. P. 7 (providing the complete list of pleadings, which are distinguished from "motions and other papers"); *see also Aftergood v. CIA*, 355 F. Supp. 2d 557, 564 (D.D.C. 2005) ("[B]y the plain terms [of] Rule 12(f), the rule cannot be used to strike an affidavit."); 2 J. Moore, et al., *Moore's Federal Practice* § 12.37[2] (3d ed. 2008) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the

motion to strike."). Cause of Action does not provide any legal authority justifying a motion to strike a declaration, further highlighting why the proper vehicle for challenging the declarations was its opposition brief.

Second, even assuming a legal basis for Cause of Action's motion, the motion would nonetheless be untimely. For starters, the motion to strike was filed *after* Cause of Action filed its opposition to NARA's motion to dismiss, contrary to Rule 12. *See* Fed. R. Civ. P. 12(f)(2) (requiring that, when a pleading permits a response, the motion to strike must be filed "before responding to the pleading").[1] Additionally, Cause of Action waited over six weeks to contact NARA to request discovery, and conferred with NARA regarding the motion to strike only after its opposition brief was already filed.[2] This six-week delay highlights how Cause of Action is simply attempting to re-litigate the merits of NARA's motion: Cause of Action is essentially requesting a second round of merits briefing after a deposition occurs, which would be not only wasteful but also contrary to the briefing schedule agreed upon by the parties and entered by the Court. *See* ECF No. 10. The time for Cause of Action to attempt to request discovery from NARA was six weeks ago, not two days prior to the deadline for its opposition brief.

At bottom, Cause of Action's motion to strike is both legally improper as well as untimely. This belated attempt to re-litigate NARA's motion to dismiss should be denied.

---

[1] Cause of Action's first motion to strike, *see* ECF No. 12, was denied without prejudice for failure to comply with Local Civil Rule 7(m). Even that first motion to strike, however, was filed after Cause of Action's opposition brief, *see* ECF No. 11.

[2] Cause of Action first contacted NARA on December 17, 2012—two days prior to its opposition-brief deadline—requesting to depose Mr. Fulgham. NARA stated on December 18, 2012 that it did not consent to the deposition. Cause of Action then conferred with NARA regarding the motion to strike on December 20, 2012, the day after Cause of Action filed its opposition brief.

**B.**   **NARA's Declarations Are Fully Consistent with Well-Established FOIA Caselaw, and There Is No Basis for Striking the Declarations or Granting Discovery.**

Even apart from the two threshold defects identified above, Cause of Action's motion is also wholly meritless.  Courts routinely grant summary judgment in FOIA cases based solely on agency declarations, without providing the plaintiff an opportunity for discovery.  Here, the declarations are complete on their face and provide relevant information about NARA's handling of legislative records.  The two declarants—two NARA officials who collectively have over thirty years' experience at NARA—have more than adequate personal knowledge and foundation for their statements.  There is no basis, therefore, for striking the declarations or permitting discovery in this case.

Courts generally disfavor motions to strike.  *See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distrib.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam) (stating that "motions to strike, as a general rule, are disfavored" because "[t]he points raised in the motion might have been presented, concisely, in the reply brief" and "[t]here was no need . . . to burden this court with a motion to strike").  Because "[a] motion to strike is considered an exceptional remedy and is generally disfavored, [] the proponent of such a motion must shoulder a formidable burden." *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F.Supp.2d 46, 53 (D.D.C. 2006) (internal quotation marks and citations omitted).

Here, Cause of Action does not even come close to meeting this "formidable burden" justifying the disregard of NARA's declarations.  First, Cause of Action is incorrect to argue that the declarations contain irrelevant information.  *See* Mot. to Strike at 2-3.  The Fulgham declaration's discussion of "NARA's handling of congressional and legislative records," *id.* at 2, is relevant for numerous reasons:  (i) to establish that NARA considers the FCIC records to be legislative in character; (ii) to set forth the administrative scheme governing public access to the

FCIC records; and (iii) to explain how and why the FCIC intended to exercise control over their records.  For the reasons set forth in NARA's motion to dismiss, each of these facts is potentially relevant to the Court's resolution of the underlying legal issue—whether the FCIC records are legislative in character.  *See, e.g.*, NARA's Br. at 13-15 (discussing NARA's view that the FCIC records are legislative in character); 16-21 (explaining how applying FOIA to the FCIC records would disrupt the goals of "orderly processing and protection of the rights of all affected persons" (quoting *Ricchio v. Kline*, 773 F.2d 1389, 1395 (D.C. Cir. 1985)); 24-26 (discussing "the FCIC's intent to establish controls over the future disclosure of its documents").  The Fulgham declaration is therefore relevant to the issues in this case.

Cause of Action also challenges the Mills declaration as being irrelevant, because it provides "the background of the National Archives, Presidential records and other materials[.]" Mot. to Strike at 3.  But this information highlights how NARA possesses a wide variety of records collections, many of which are not subject to FOIA.  Thus, the declaration is relevant to explain why "the formal deposit of records with NARA does not alter [the records'] original character."   NARA's Br. at 24.   At the very least, the Mills declaration provides helpful background information that places the FCIC records collection within the proper context.  *See Patton Boggs, LLP v. Chevron Corp.*, 791 F. Supp. 2d 13, 22 (D.D.C. 2011) ("[I]t is routine for parties to provide the Court with a certain amount of background information that is not directly relevant to the merits of the claim or motion at issue.  This practice ensures that the Court understands the context in which the dispute arose."); *see also Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (reversing the grant of a motion to strike because the challenged

information "provides important context and background").   There is no basis for striking NARA's declarations on relevance grounds.[3]

Cause of Action also argues that Mr. Fulgham lacks personal knowledge to "express any opinion as to the 'parties' intent'" in executing the SF-258.   Mot. to Strike at 3.   But Mr. Fulgham was himself a party to the execution of the SF-258, *see* Fulgham Decl. at ¶ 33, and he and his staff also worked with the FCIC beforehand on record-retention issues, *see id.* at ¶¶ 17-18.   Based on this personal experience and involvement in the process, it is entirely proper for Mr. Fulgham to testify as to the parties' intent in executing this contract.   *Cf. Southwestern Elec. Co-op., Inc. v. FERC*, 347 F.3d 975, 983 (D.C. Cir. 2003) ("In determining the intent of the parties in forming the contract, the Commission properly credited the testimony of those with first-hand knowledge of the negotiations.").

Finally, Cause of Action argues that the Fulgham and Mills declarations "contain[] a number of conclusory statements that have no foundation and, therefore, are inadmissible."  Mot. to Strike at 3.   As discussed above, however, there is ample foundation for Mr. Fulgham's statements regarding the SF-258 and other record-retention decisions made by the FCIC.

Additionally, Cause of Action's assertion that many of Mr. Fulgham's statements are "wholesale speculation" is meritless.   *See* Mot. to Strike at 5 (attacking the statement that

---

[3] Cause of Action also attacks the Mills declaration for including statements based on "information and belief."   *See* Mot. to Strike at 3 n.1.   In the FOIA context, however, courts routinely permit agency declarants to make statements based on information provided to them in the course of their official duties.   *See, e.g.*, *Safecard Servs. Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (upholding an agency's affidavit, even though it contained some "second-hand" information); *Blunt-Bey v. Dep't of Justice*, 612 F. Supp. 2d 72, 74 (D.D.C. 2009) (upholding two agency declarations because "the declarants' statements are based on their personal knowledge acquired through the performance of their official duties and their review of the official files"); *see also Patterson v. IRS*, 56 F.3d 832, 840-41 (7th Cir. 1995) (holding that agency declarant had personal knowledge of a search, even though he learned about the search entirely from information his predecessor recorded in an agency file).

"applying FOIA to the FCIC records *may result* in the improper release of sensitive information," and the statement that legislative commissions "*might be* less likely to document their activities if legislative staff operated under the belief that records transferred to NARA would be immediately subject to public scrutiny").  Mr. Fulgham's statements cannot be struck simply because he did not express them with absolute certainty.  He is discussing potential future events, and therefore it is entirely proper to use predictive language.  That language does not, however, equate his statements with "wholesale speculation."  *Cf. Halperin v. CIA*, 629 F.2d 144, 149 (D.C. Cir. 1980) (recognizing that descriptions of "a potential future harm rather than an actual past harm" will "always be speculative to some extent," but nonetheless crediting such agency predictions).

Mr. Fulgham's predictions were based on his own "past experience with legislative commission records," Fulgham Decl. at ¶ 40, and his own "experience in dealing with legislative commissions generally," *id.* at ¶ 41.  These personal experiences—combined with Mr. Fulgham's over 20 years' experience at NARA—provide him a more than adequate foundation to make predictive statements about how applying FOIA to legislative records might lead to negative consequences.  Indeed, *Ricchio* itself requires nothing more.  *See Ricchio*, 773 F.2d at 1395 (holding that Nixon materials were not subject to FOIA because applying FOIA "*might* frustrate the achievement of the legislative goals of orderly processing and protection of the rights of all affected persons" (internal quotation marks omitted, emphasis added)).

Cause of Action's challenges to the Mills declaration are equally meritless.  *See* Mot. to Strike at 6-7.  First, Mr. Mills, as NARA's Chief Operating Officer, clearly has the proper foundation to discuss how NARA has treated the FCIC records.  The two "factual disputes" relied upon by Cause of Action—NARA's providing FCIC records to a Congressional

committee, and refusing to grant access to former Commissioner Wallison's representatives, *see* Mot. to Strike at 6—have absolutely nothing to do with whether Mr. Mills has an adequate foundation for his declaration's statements.  (There is also nothing improper about these actions, as will be discussed more fully in NARA's upcoming reply brief.)   Finally, it should be uncontroversial to describe the FCIC Chairman's letter to the Archivist as setting forth "the restrictions [the FCIC Chairman] believed to be necessary or desirable in the public interest," Mills Decl. at ¶ 34, because that is precisely what the Chairman was authorized to do under federal law.  *See* 44 U.S.C. § 2108 (permitting agency heads to set forth "restrictions that appear to him to be necessary or desirable in the public interest"); *see also* Mills Decl. at ¶ 33 (discussing § 2108).

At bottom, both the Fulgham and Mills declarations were submitted in good faith, contain reasonable specificity, and are entirely appropriate for the Court's consideration.  As Cause of Action itself acknowledges, agency declarations "are afforded a presumption of good faith and can be rebutted only with evidence that the agency did not act in good faith."  Mot. to Strike at 2 (internal quotation marks omitted).  Notwithstanding Cause of Action's rhetoric, therefore, there is no basis for striking either declaration.

Similarly, there is no basis for granting discovery in this FOIA lawsuit.  As discussed above, this lawsuit is properly resolved on NARA's motion to dismiss, and litigants are not entitled to any discovery in opposing such motions.  Even on a motion for summary judgment, moreover, in the FOIA context courts routinely grant summary judgment based solely on agency declarations.  *See, e.g.*, *Stanko v. Fed. Bureau of Prisons*, 842 F. Supp. 2d 132, 136-37 (D.D.C. 2012) (Boasberg, J.).  Cause of Action has not identified any unusual circumstances that would justify discovery—much less a deposition—in this straightforward FOIA lawsuit.  *See, e.g.,*

*Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *see also Taylor v. Babitt*, 673 F. Supp. 2d 20, 22-23 (D.D.C. 2009).  Thus, the request for discovery should be denied.[4]

## CONCLUSION

Cause of Action's motion to strike or in the alternative for leave to take discovery should be denied.

Dated: January 7, 2013                                    Respectfully Submitted,

                                                         STUART F. DELERY
                                                         Principal Deputy Assistant Attorney General

                                                         RONALD C. MACHEN JR.
                                                         United States Attorney

                                                         ELIZABETH J. SHAPIRO
                                                         Deputy Branch Director

                                                         */s/ Daniel Schwei*
                                                         Daniel Schwei
                                                         Trial Attorney
                                                         United States Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         20 Massachusetts Avenue, N.W.
                                                         Washington, D.C. 20530
                                                         Tel:  202-305-8693
                                                         Fax:  202-616-8470
                                                         daniel.s.schwei@usdoj.gov

                                                         *Attorneys for Defendant*

---

[4] Were the Court to agree that NARA's declarations contain defects, the Court still should not strike the declarations or order discovery.  Rather, the Court should first allow NARA to supplement its declarations to cure the defects.  *See, e.g.*, *Campbell v. Dep't of Justice*, 164 F.3d 20, 31 (D.C. Cir. 1998); *Judicial Watch v. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002).