## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
CAUSE OF ACTION, INC.,          )
                                    )
                      Plaintiff,     )
                                    )
        v.                     )       1:12-cv-1342 (JEB)
                                    )
NATIONAL ARCHIVES AND      )
RECORDS ADMINISTRATION,    )
                                    )
                    Defendant.   )
———————————————————————)

### DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendant, National Archives and Records Administration ("NARA") submits, in connection with its motion to dismiss or in the alternative for summary judgment (ECF No. 8), the following statement of material facts as to which NARA contends there is no genuine issue.

1.      Plaintiff Cause of Action, Inc. seeks disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, of certain records of the Financial Crisis Inquiry Commission ("FCIC"). *See* Compl. at ¶¶ 43-49.

2.      The FCIC was a temporary commission established within the legislative branch charged with "examin[ing] the causes, domestic and global, of the current financial and economic crisis in the United States." *See* Fulghum Decl. at ¶13; *see also* Fraud and Enforcement Recovery Act of 2009, § 5(a), Pub. L. No. 111-21.  To accomplish that mission, the FCIC was tasked with submitting a report to the President and Congress "containing the findings and conclusions of the Commission on the causes of the current financial and economic crisis in the United States."  *Id.* §5(h)(1).  The FCIC submitted its report on January 27, 2011, and pursuant to statute the FCIC terminated on February 13, 2011. *See* Fulghum Decl. at ¶ 31.

3.     Several days before the FCIC's scheduled termination, FCIC Chairman Phil Angelides wrote to the Archivist of the United States David Ferriero to inform NARA that the FCIC intended to restrict future access to some of its records.  *Id.* at ¶ 31; *see also* Mills Decl. at ¶ 24.

4.     The Archivist and NARA concurred with the FCIC Chairman's restrictions set forth in his letter, by signing the SF-258 on February 8, 2011.  *See* Fulgham Decl. at ¶ 33.

5.     The FCIC also signed the SF-258 on February 11, 2011.  *See id.*; *see also* Compl., Exh. 2.  At that point the records were legally transferred into NARA's custody, and were accessioned into the holdings of NARA's Center for Legislative Archives.  *See* Fulgham Decl. at ¶ 13; *see also* Mills Decl. at ¶ 24.

6.     On August 4, 2012, Cause of Action filed this lawsuit against NARA alleging that NARA violated FOIA by failing to disclose the requested FCIC documents and by failing to grant Cause of Action a fee waiver for its FOIA request.  *See* Compl. at ¶¶ 43-49.

7.     NARA is a unique executive agency because it serves as the repository for records from all three branches of government.  *See* Mills Decl. at ¶ 7.  Because the FCIC records originated with a legislative commission, the FCIC records are legislative in character, and thus not subject to FOIA.  *See* Mills Decl. at ¶¶ 11, 24; Fulgham Decl. at ¶ 15.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.     Deny that the referenced memorandum was issued on March 19, 2012; and aver that the memorandum was instead issued on March 19, 2009.  *See* Cause of Action's Br., Exh. 1 (ECF No. 11-1).  Admit all other facts in this paragraph, but contend that all of the facts in this paragraph are immaterial to the present dispute.

2.     Admit.

3.     Admit.

4.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

5.     Admit.

6.     Admit.

7.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

8.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

9.     Admit.

10.    Admit.

11.    Admit.

12.    Deny, because this paragraph offers only a characterization of the Blank Standard Form 258, and the content of that document speaks for itself.  Additionally, the facts in this paragraph are immaterial to the present dispute.

13.    Admit that a line was drawn through a sentence in the SF-258, but deny that the record reflects who specifically drew the line through the sentence.  *See* Fulgham Decl. at ¶ 33.

14.    Admit.

15.    Admit.

16.    Admit.

17.    Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

18.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

19.     Admit that NARA provided duplicate copies of FCIC electronic records to the Committees, but deny all other facts in this paragraph.  *See* Supplemental Fulgham Declaration at ¶¶ 3-5.  All of the facts in this paragraph are immaterial to the present dispute.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit that the minority staff of the House Oversight Committee released a report on July 13, 2011, but deny Cause of Action's characterization of that report as the report speaks for itself.  The facts in this paragraph are immaterial to the present dispute.

25.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

26.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

27.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

28.     Admit, but contend that the facts in this paragraph are immaterial to the present dispute.

29.     Admit that Mr. Stern wrote Mr. Wallison a letter on April 18, 2012, but deny Cause of Action's characterization of that letter as the letter speaks for itself.  The facts in this paragraph are immaterial to the present dispute.

30.     Denied, because Defendant lacks knowledge and information sufficient to form a belief as to the nature, mission, methods, or motivations of Cause of Action.


Dated:  January 11, 2013                    Respectfully Submitted,

                                            STUART F. DELERY
                                            Principal Deputy Assistant Attorney General

                                            RONALD C. MACHEN JR.
                                            United States Attorney

                                            ELIZABETH J. SHAPIRO
                                            Deputy Branch Director

                                            */s/ Daniel Schwei*
                                            Daniel Schwei
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W.
                                            Washington, D.C. 20530
                                            Tel:   202-305-8693
                                            Fax:  202-616-8470
                                            daniel.s.schwei@usdoj.gov

                                            *Attorneys for Defendant*