## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAUSE OF ACTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-cv-1342 (JEB) |
| | ) | |
| NATIONAL ARCHIVES AND | ) | **HEARING REQUESTED** |
| RECORDS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATIONS OF ROBERT MATTHEW FULGHAM, JR. AND THOMAS E. MILLS OR IN THE ALTERNATIVE FOR LEAVE OF COURT TO TAKE LIMITED DISCOVERY

Plaintiff, Cause of Action, Inc. ("CoA"), pursuant to Local Rule 7 and Federal Rule of Civil Procedure 56, submits this reply in support of its Motion to Strike the Declarations of Defendant National Archives and Records Administration's ("NARA") employees, Robert Matthew Fulgham, Jr. ("Fulgham Decl.") and Thomas E. Mills ("Mills Decl."), or, in the Alternative For Leave of Court to Take Limited Discovery in the form of a deposition of Mr. Fulgham, which would be restricted to the four corners of his declaration. Defendant filed its Opposition ("Def.'s Opp'n") on January 7, 2013. Plaintiff's Reply follows.

### INTRODUCTION

This Court should deny defendant's motion, because (1) CoA's Motion to Strike is procedurally proper; (2) CoA's Motion to Strike is relevant to defendant's Motion for Summary Judgment; and (3) the Fulgham and the Mills declarations contain hearsay, conclusory statements of law, nonresponsive statements, and statements without foundation, which do not comport with the Federal Rules of Evidence and Federal Rule of Civil Procedure 56(c)(4).

Alternatively, this Court should grant Cause of Action limited discovery in the form of a

deposition, because there is no other method by which CoA may ascertain the foundation and

credibility of Mr. Fulgham's statements.

Defendant continues to assert that the deposit of legislative records with NARA does not,

*per se nota*, change their legislative character.  Not only does this assertion miss the point, it is

indicative of defendant's failure to understand plaintiff's core argument.  Cause of Action has

never argued that the mere deposit of records with NARA results in their conversion from

legislative records to agency records.  Instead, Cause of Action argues that the legislative

character of records is altered when certain conditions exist—namely, when NARA both

possesses and controls the documents.  *See e.g.*, Pl.'s Opp'n and Cross-Mot. for Summ. J. ("Pl.'s

Cross-Mot.") at 2.  Defendant argues that all records deposited with NARA retain their original

character because NARA "possesses a wide variety of records collections, many of which are not

subject to FOIA." Def.'s Opp'n at 7.  Not only is this argument illogical, it fails to appreciate

that when NARA asserts possession and control, the original character of documents deposited

with NARA is changed.  For these reasons alone, all statements by declarants referring or

relating to the 'fact' that depositing records does not alter their original status must be struck as

nonresponsive. *Jackson v. Beech*, 636 F.2d 831, 836 (D.D.C. 1980) ("when the adversary

process has been halted because of an essentially unresponsive party . . . the diligent party must

be protected lest he be faced with interminable delay and continued uncertainty as to his

rights.").

Moreover, defendant's declarations include numerous hearsay statements, conclusory

statements of law, and statements without foundation, by which defendant has attempted to

create the appearance of a "straightforward [FOIA] lawsuit," Def.'s Opp'n at 1, not a lawsuit

pertaining to NARA's possession and control of the records.  Because of the defects in the

declarations submitted by Defendant, this Court should either strike the declarations or grant

Cause of Action limited discovery in the form of a deposition of Mr. Fulgham.

## ARGUMENT

### I.      CAUSE OF ACTION'S MOTION WAS PROCEDURALLY PROPER UNDER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Defendant mischaracterizes CoA's Motion to Strike.  As a matter of procedure, defendant

argues that CoA's motion to strike was procedurally improper under Rules 7 and 12 of the

Federal Rules of Civil Procedure ("FRCP").[1]  However, FRCP 7 and FRCP 12 apply to the

pleadings and are inapplicable to CoA's Motion to Strike.  *EEOC v. St. Francis Xavier Parochial*

*Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (when ruling on a 12(b)(6) motion the court "may

consider *only* the facts alleged in the complaint, any documents either attached to or incorporated

in the complaint and matters of which [the court] may take judicial notice.") (emphasis added).

These rules are likewise inapplicable to the declarations, which are outside the pleadings and

must be submitted in support of defendant's motion for summary judgment, not its motions to

dismiss. *See* Fed. R. Civ. P. 12(d); *see also Dist. Contrs., Inc. v. N. Am. Specialty Ins. Co.*, 281 F.

Supp. 2d 204, 206 (D.D.C. 2003) (where party attaches documents outside pleading to its

memoranda for motion to dismiss or, alternatively, motion for summary judgment, the Court will

treat motion as one for summary judgment); *Chavous v. D.C. Fin. Responsibility & Mgmt.*

*Assistance Auth.*, 154 F. Supp. 2d 40, 48 (D.D.C. 2001) (court will treat filing as a motion for

summary judgment where "matters outside of the pleading are presented to and not excluded by

---

[1] Defendant appears to confuse LCvR 7, governing any motion filed in the District of D.C., with FRCP 7, identifying the papers that are allowed as pleadings. *See* Def.'s Opp'n at 4 (asserting that the FRCP does not recognize a motion to strike a declaration, claiming CoA filed its Motion to Strike under Rules 7 or 12(f)).  CoA filed its Motion to Strike under FRCP 56, not FRCP 12(f) or FRCP 7, which CoA clearly indicates in the opening paragraph of its Motion to Strike. Moreover, CoA incorporated the Motion to Strike into its opposition paper where it argued the defects of defendant's declarations.  *See, e.g.*, Pl.'s Cross Mot. at 1.

the court").[2]  Because defendant moved to dismiss and, in the alternative, for summary

judgment, and because the facts it presented went beyond the pleadings, defendant's declarations

must either be excluded by this Court or defendant's motion must be treated as one for summary

judgment.  Accordingly, CoA properly submitted its Motion to Strike the Declarations under

FRCP 56.

Defendant also contends that CoA's motion was untimely.  CoA reiterates that it has filed

the Motion to Strike the Declarations under FRCP 56(c), which—unlike FRCP 12(f)—does not

state a timing requirement. *Compare* Fed. R. Civ. P. 12(f) *with* Fed. R. Civ. P. 56(c)(2) & (c)(4).

## II.     CAUSE OF ACTION'S MOTION IS RELEVANT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

First, Defendant's argument that CoA's Motion to Strike the Declarations is moot fails as

a matter of law.  *See* Def.'s Opp'n at 1.  As Cause of Action clearly argued in its Opposition and

Cross-Motion, ("Pl.'s Cross-Mot."), and reincorporates into this reply brief, defendant is neither

entitled to dismissal of the lawsuit nor to summary judgment. Pl's Cross-Mot at 2-12, 29-41.

Second, Defendant incorrectly claimed that this Court can take judicial notice of

information in NARA's declarations, citing *Hyson v. Architect of the Capitol*, 802 F. Supp. 2d

84, 91 n.4 (D.D.C. 2011). Def.'s Opp'n at 2.  However, judicial notice should be taken only

when the accuracy of the information received cannot reasonably be questioned.  *Hyson*, 802 F.

Supp. 2d at 91 n.4.  As CoA clarifies below, NARA's declarations include hearsay, conclusory

statements of law, irrelevant statements, unresponsive statements, and statements without

foundation.  These statements, which are inextricably interwoven in the declarations, hardly

qualify as "generally known" facts or facts that can be "accurately and readily determined"

---

[2] Under this line of cases, if this Court only considers defendant's motion to dismiss, it may not consider the
attached declarations which are outside the pleadings.

without question.  Fed. R. Evid. 201(b).  For the foregoing reasons, defendant has failed to show

that CoA's Motion to Strike the Declarations should be denied as moot.

### III.   THE FULGHAM DECLARATION AND THE MILLS DECLARATION MUST BE STRICKEN FOR FAILURE TO COMPLY WITH RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

CoA incorporated the Motion to Strike into its opposition paper where it argued the

defects of defendant's declarations. Pl.'s Cross-Mot. at 1, 24, 28, 34.  Federal Rule of Civil

Procedure 56(c)(4) requires that any declaration used to support a motion for summary judgment

"be made on personal knowledge, [and] set out facts that would be admissible in evidence."  As

explained below and in Section IV, both Fulgham's and Mills's declarations make statements

beyond their personal knowledge, and set out facts that are inadmissible in evidence. These

deficiencies warrant substantive review, and CoA in no way attempted to gain a "second bite" by

moving to strike defendant's declarations.  *See* Def.'s Opp'n at 4.

The purpose of a declaration is not to make an argument; it is to establish facts based on

personal knowledge.  Fed. R. Civ. P. 56(e)(1); *Crawford v. Washington*, 541 U.S. 36, 51 (2004)

(defining testimony as "solemn declaration or affirmation made for the purpose of establishing or

proving *some fact*") (emphasis added).  A declarant is not permitted to express legal opinions or

conclusions in his testimony.  *Van Winkle v. Crowell*, 146 U.S. 42, 49 (1892) (holding that the

key issue the witness testified about was a "conclusion of law, to be drawn from the undisputed

facts of the case; and the witness could not testify to such legal conclusion").  Such statements

are beyond the scope of a witness' personal knowledge and are in the exclusive purview of the

court.  *See* Fed. R. Evid. 701; *Coles v. Perry*, 217 F.R.D. 1, 8 (D.D.C. 2003) (plaintiff prohibited

from offering legal conclusions because lacks special knowledge and her lay opinion testimony

would not be helpful); *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) ("lay testimony

offering a legal conclusion is inadmissible because it is not helpful"); *Carter v. Ford Motor Co.*, 561 F.3d 562, 567 (6th Cir. 2009) (same); *United States v. Espino-Rangel*, 500 F.3d 398, 400 (5th Cir. 2007) (lay witness may not offer legal conclusions).

Defendant's declarations improperly serve as a supplemental brief: they contain substantial statements of law and fact and draw both legal and policy conclusions upon the same. Unlike a supplemental brief—which is subject to the adversarial process—a sworn declaration submitted by the government receives a presumption of good faith and, unless controverted, is presumed to be true. *Walsh v.* FBI, No. 11-2214, 2012 U.S. Dist. LEXIS 166239, at *6 (D.D.C. Nov. 21, 2012). Messrs. Mills and Fulgham go well beyond describing their specific duties as agency employees, which involve the preservation of records. Instead, they offer interpretations of law. *See* Section IV *infra*. By incorporating legal conclusions into its declarations, NARA violates FRCP 56(c)(4) by asking this Court to accept defendant's interpretation of law as true without subjecting that interpretation to the adversarial process.

As CoA describes in its Motion to Strike, the declarations of Messrs. Mills and Fulgham also include fact statements that are inadmissible in evidence: hearsay, nonresponsive and irrelevant statements, and conclusory statements without foundation. *See* Section IV *infra*; *American Broadcasting Cos., Inc. v. U.S. Info. Agency*, 599 F.Supp. 765, 769 (D.D.C. 1984).

On the substance, CoA moves to strike the Fulgham and Mills Declarations for their inclusion of (1) hearsay statements, (2) conclusory statements of law, (3) irrelevant statements, (4) nonresponsive statements, and (5) statements made without foundation. These statements, identified with specificity in Section IV, are so inextricably intertwined with the declarations that the declarations must be struck in their entirety.

**IV.    THE FOLLOWING STATEMENTS MUST BE STRICKEN FROM
DEFENDANTS'S DECLARATIONS FOR VIOLATING THE FEDERAL
RULES OF EVIDENCE.**

Plaintiff identifies the following statements that must be stricken under the Federal Rules of

Evidence.  *See, e.g.*, *American Broadcasting Cos., Inc. v. U.S. Info. Agency*, 599 F.Supp. 765,

769 (D.D.C. 1984).

I.   <u>Mills Declaration</u> ¶¶ 6-9, 11-17, 19-24, 33-34

    a.  Mills Decl., Paragraphs 6-9, 11-17, 19-24 on the ground of that they are irrelevant

and non-responsive to the issues of this lawsuit; they contain statements of law and its

application; they provide no factual support for Defendant's claim that the records in

question are exempt from FOIA; and declarant is not qualified to make the assertions

of law contained within these statements.[3]

    b.  Mills, Decl., Paragraph 11 on the ground that it is a conclusory statement of law

under Fed. R. Evid. 602, there is no foundation, and the declarant is not qualified to

make a statement regarding "prevailing law" on the legal status of the records.

    c.  Mills Decl., Paragraph 33 on the ground that it is a conclusory statement of law, there

is no foundation, and the declarant is not qualified to make a statement regarding the

interpretation of 44 U.S.C. § 2108(a).[4]

---

[3] Mr. Mills repeatedly cites federal statutes relating to congressional, legislative, Presidential, judicial and donated records.  CoA does not dispute these statutes.  Rather, CoA argues that the FCIC documents become agency records subject to FOIA once they come under NARA's custody and control.  CoA also points out that Mr. Mills' discussion of statutes and legal arguments is most properly asserted by counsel.

[4] 44 U.S.C. § 2108(a) does not state that restrictions will remain in force when a commission is terminated and records are transferred into the custody and control of NARA, or "unless otherwise removed" as stated by declarant.

    d.  Mills Decl., Paragraph 34 on the ground that it is hearsay, there is no foundation, and

the declarant is not qualified to make a statement regarding what another individual

"believed."

II. <u>Fulgham Declaration</u> ¶¶ 5-13, 15-18, 29, 33-42

    a.  Fulgham Decl., Paragraphs 5-13, 15-18, 29 on the ground of that they are irrelevant

and non-responsive to the issues of this lawsuit; they provide no factual support for

Defendant's claim that the records in question are exempt from FOIA; and declarant

is not qualified to make the assertions of law contained within these statements.[5]

    b.  Fulgham Decl., Paragraph 18 on the ground that it is a conclusory statement of law,

there is no foundation, and the declarant is not qualified to make a statement

regarding whether NARA's treatment of the records is "consistent" with the statutory

scheme.

    c.  Fulgham Decl., Paragraph 33 on the ground that it is hearsay, is a conclusory

statement of law, there is no foundation, and the declarant is not qualified to make a

statement regarding the "intent" of the FCIC in altering the SF-258.

    d.  Fulgham Decl., Paragraph 34 on the ground that it is hearsay, there is no foundation,

and the declarant is not qualified to make a statement regarding the "intent and

desire" of another individual.

    e.  Fulgham Decl., Paragraph 35 on the ground that it is hearsay, there is no foundation,

and the declarant is not qualified to make a statement regarding the forethought of

another individual.

---

[5] Mr. Fulgham repeatedly cites federal statutes relating to congressional and legislative records.  CoA has clearly stated in the pleadings that it does not contest NARA's application of FOIA to these records.  Instead, CoA contests NARA's application of FOIA to records that have become agency records in the custody and control of NARA.  Moreover, CoA points out that a discussion of statutory law and NARA's legal arguments is most properly asserted by counsel, not by Mr. Fulgham.

f.   Fulgham Decl., Paragraph 36 on the ground that it is a conclusory statement of law, there is no foundation, and the declarant is not qualified to make a statement regarding whether the records are subject to FOIA.

g.   Fulgham Decl., Paragraphs 36-42 on the ground that the statements lack foundation, are irrelevant, and, alternatively, are not probative under Fed. R. Evid. 403.

## V.   CAUSE OF ACTION IS ENTITLED TO LIMITED DISCOVERY IN THE FORM OF A DEPOSITION OF MR. FULGHAM.

In the alternative, CoA moves to take limited discovery in the form of a deposition of Mr. Fulgham, which would be restricted to the four corners of his declaration.  Paragraph 38 of the Fulgham Declaration is particularly concerning to CoA.  Mr. Fulgham made the conclusory statement under oath that subjecting the records to FOIA would "interfere with the Center's ability to orderly process the records…" and that the Center would be "unable to undertake systematic organization, indexing, or finding aid development…."  Fulgham Decl., ¶ 38.  This statement contradicts the Declaration of Daniel Epstein at Paragraph 7, in which he stated that NARA has produced all of the records in question to the House Oversight Committee in an electronic format on electronic disks.  However, without the opportunity to depose the Mr. Fulgham, there is no method by which CoA may ascertain the foundation and credibility of his statements.  Defendant has suggested that CoA moves for limited discovery in the "bare hope" of impunging the declarant's statements. Def.'s Opp'n at 3 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 751-52 (D.C. Cir. 1981).  However, addressing this very issue, the D.C. Circuit has said, "'Where an agency head possesses particular information necessary to the development or maintenance of the party's case, which cannot be reasonably obtained by another discovery mechanism; the deposition should be allowed to proceed.' *See Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D. Pa. 1981)." *American Broadcasting Cos., Inc. v. U.S. Info. Agency*, 599

F.Supp. 765, 769 (D.D.C. 1984).  For the foregoing reasons, CoA is entitled to limited discovery in the form of a deposition of Mr. Fulgham.


**CONCLUSION**

The Court should grant Cause of Action's Motion to Strike the Declarations of Robert Matthew Fulgham, Jr. and Thomas E. Mills or in the Alternative for Leave to Take Limited Discovery.


Dated:  January 14, 2013                    Respectfully submitted,

                                            /s/ Karen M. Groen
                                            Karen M. Groen
                                            (D.C. Bar No. 501846)

                                            /s/  Daniel Z. Epstein
                                            Daniel Z. Epstein
                                            (D.C. Bar No. 1009132)
                                            Cause of Action
                                            1919 Pennsylvania Ave, NW, Suite 650
                                            Washington, D.C. 20006
                                            Telephone: (202) 499-4232
                                            daniel.epstein@causeofaction.org
                                            karen.groen.olea@causeofaction.org

                                            *Counsel for Plaintiff*